1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    -----------------------------------x

3    UNITED STATES of AMERICA,

4              -against-                    18 Cr. 614(KMK)
                                            Plea
5
     BEN KLEIN,
6
                        Defendant.
7
     -----------------------------------x
8
9                                  United States Courthouse
                                   White Plains, New York
10
                                   January 24, 2020
11

12

13              THE HONORABLE LISA MARGARET SMITH,
                     United States Magistrate Judge
14

15
     GEOFFREY S. BERMAN
16        United States Attorney for
          the Southern District of New York
17   BY:  HAGAN C. SCOTTEN
               Assistant United States Attorney
18

19
     GRIBETZ & LOEWENBERG PLLC
20             Attorneys for Ben Klein
     BY:  DEBORAH W. LOEWENBERG
21

22

23

24

25

1              THE CLERK:  In the matter of the United States of

2    America versus Ben Klein.

3              Counsel, please note your appearance for the record.

4              MR. SCOTTEN:  Good morning, your Honor.  Hagan

5    Scotten for the government.

6              THE COURT:  Good morning, Mr. Scotten.

7              MS. LOEWENBERG:  Good morning, your Honor.  Deborah

8    Loewenberg for Ben Klein.

9              THE COURT:  Good morning, Ms. Loewenberg.

10             Ms. Loewenberg, do I understand that your client

11   seeks to waive indictment, consent to the filing of a

12   superseding information and offer a plea of guilty?

13             MS. LOEWENBERG:  Yes, that's correct, your Honor.

14             THE COURT:  All right.

15             Mr. Scotten, has this matter been referred to the

16   Magistrate Judge by Judge Karas?

17             MR. SCOTTEN:  It has, your Honor.

18             THE COURT:  Thank you.

19             Mr. Klein, stand up.

20             I want to advise you -- you don't need to lean into

21   the microphone, you can stand up.  It will pick you up.

22             I want to advise you that this is not a trial.  It is

23   my understanding that you have decided to enter a guilty plea

24   in this case.  This proceeding is for the purpose of ensuring

25   that you are aware of your rights in connection with that plea

1    and that any waiver of those rights is knowing and voluntary

2    prior to entering your plea of guilty, if you still decide to

3    do that.  During this proceeding I will also ask you some

4    questions to make sure that you are competent to plead guilty,

5    and by that I mean that I need to determine whether you are

6    able to understand what is going on here today and that you are

7    not under the influence of any physical or mental or emotional

8    condition or affected by any controlled substance which may

9    impact upon your ability to understand what is going on.

10            Do you understand that?

11            THE DEFENDANT:  Yes.  Yes, your Honor.

12            THE COURT:  If at any time you do not hear or

13   understand what I say to you, I want you to stop me so that I

14   can repeat and explain what I've said and so that you can have

15   an opportunity to consult with Ms. Loewenberg to make sure that

16   you have heard and understood everything I've said and

17   everything I've asked you.

18            Do you understand that?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  And will you do that?

21            THE DEFENDANT:  Yes.

22            THE COURT:  You have an absolute right to be

23   represented by counsel at this and at every stage of the

24   proceedings against you, and you have the right to consult with

25   your attorney prior to answering any questions.

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  For that reason you should consult with

4   Ms. Loewenberg before answering any further questions,

5   including questions that I'm going to ask you during this

6   proceeding.

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Ms. Loewenberg, are you retained or

10  appointed in the matter?

11          MS. LOEWENBERG:  I am retained.

12          THE COURT:  Mr. Klein, if you were to become unable

13  to afford your attorney's services, you would be entitled to

14  apply to the Court for a new attorney to represent you, and if

15  the Court was then satisfied that you could not afford to hire

16  a lawyer, and that there was an appropriate reason to relieve

17  your current lawyer, a new lawyer would be appointed to

18  represent you with no cost to you.  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Mr. Lynch, would you place the defendant

21  under oath or affirmation, please?

22          (Ben Klein sworn)

23          THE COURT:  It is important for you to understand

24  that if you knowingly make a false statement during these

25  proceedings, you could be subject to prosecution for the crime

1  of perjury or for making a false statement to the Court and you

2  could face a punishment of up to five years in prison and a

3  $250,000 fine for committing such a crime.  Such punishment

4  would be separate and apart from any sentence you may be facing

5  on the crime charged in the superseding felony information.

6              In addition, any statement that you make during this

7  proceeding may be used against you for purposes of such a

8  prosecution.

9              Do you understand that, sir?

10             THE DEFENDANT:  Yes.

11             THE COURT:  What's your full name?

12             THE DEFENDANT:  Ben Zion Klein.

13             THE COURT:  How old are you?

14             MS. LOEWENBERG:  What's your date of birth?

15             THE DEFENDANT:  1979.

16             THE COURT:  1979; what month?

17             THE DEFENDANT:  05/21/1979.

18             THE COURT:  May, 1979?  All right.

19             Do you read, write, speak and understand the English

20  language?

21             THE DEFENDANT:  Yes.

22             THE COURT:  How far did you go in school?

23             THE DEFENDANT:  Just regular.  Regular.

24             THE COURT:  Did you graduate from high school?

25             THE DEFENDANT:  Yeah.

```
 1              THE COURT:  Did you go to college?

 2              THE DEFENDANT:  No.

 3              THE COURT:  Okay.  Have you been treated within the

 4     last three months for any mental illness or for addiction to

 5     drugs or to alcohol?

 6              THE DEFENDANT:  No.

 7              THE COURT:  Have you, either today or at any other

 8     time in your life, taken or used any drugs, marijuana, alcohol,

 9     medication or any other substance which currently affects your

10     ability to think or to understand these proceedings that are

11     going on here today?

12              THE DEFENDANT:  No.

13              THE COURT:  Ms. Loewenberg, have you discussed this

14     matter fully with your client?

15              MS. LOEWENBERG:  Yes, I have.

16              THE COURT:  Are you satisfied that he is fully

17     capable of understanding and participating in this proceeding?

18              THE DEFENDANT:  I am.

19              THE COURT:  Mr. Scotten, do you have any doubt that

20     the defendant is competent to participate in this proceeding?

21              THE DEFENDANT:  No, your Honor.

22              THE COURT:  I'm satisfied on the basis of these

23     representations and my observations of the defendant that this

24     defendant is fully competent to understand and participate in

25     this proceeding.
```

1              Mr. Klein, you are charged in this superseding felony
2    information with one count of conspiracy to violate the laws of
3    the United States.
4              Have you seen a copy of the superseding felony
5    information?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  Mr. Lynch, would you arraign the
8    defendant on the waiver of indictment, please?
9              THE CLERK:  Mr. Klein, is this your signature on the
10   waiver of indictment?
11             THE DEFENDANT:  Yes.
12             THE CLERK:  Have you signed it voluntarily?
13             THE DEFENDANT:  Yes.
14             THE CLERK:  Before signing this waiver, did you
15   discuss it with your attorney?
16             THE DEFENDANT:  Yes.
17             THE CLERK:  Did your attorney explain this waiver to
18   you?
19             THE DEFENDANT:  Yes.
20             THE CLERK:  Do you understand that you are under no
21   obligation to waive indictment?
22             THE DEFENDANT:  (Indiscernible).
23             THE CLERK:  Do you understand that if you don't waive
24   indictment and the government wants to prosecute you, it will
25   have to present your case to a Grand Jury which may or may not

1    indict you?

2              THE DEFENDANT:  Yes.

3              THE CLERK:  Do you understand what a Grand Jury is?

4              THE DEFENDANT:  Yes.

5              THE CLERK:  Have you seen a copy of the felony --

6    superseding felony information?

7              THE DEFENDANT:  Yes.

8              THE CLERK:  Do you waive its public reading?

9              THE DEFENDANT:  Yes.

10             THE CLERK:  Thank you.

11             THE COURT:  The written waiver of indictment is

12   accepted, it will remain in the court's file as Court Exhibit 1

13   for today's date.

14             Just so the record can be clear, Mr. Klein, by my

15   calculation you would be 40 years old.  Had to write it down to

16   figure it out.

17             Ms. Loewenberg, for purposes of this preliminary

18   proceeding, how does your client plead?

19             MS. LOEWENBERG:  He pleads -- he pleads guilty.

20             THE COURT:  No, it's going to a not guilty right now

21   until he consents to my taking the plea.

22             MS. LOEWENBERG:  Oh, I'm sorry, your Honor.

23             THE COURT:  That's all right.

24             MS. LOEWENBERG:  I misconstrued.

25             THE COURT:  That's all right.  So it's a not guilty

1    plea entered at this point in time.

2              As I inquired of Mr. Scotten earlier, this matter is

3    assigned to Judge Karas, but Judge Karas has referred the

4    matter to me for purposes of entering a plea on the consent of

5    the parties.

6              Ms. Loewenberg, is it your client's wish to proceed

7    before me?

8              MS. LOEWENBERG:  Yes, it is, your Honor.

9              THE COURT:  Mr. Klein, this proceeding is referred to

10   as a plea allocution.  I want you to understand that you have

11   the absolute right to have this plea allocution conducted

12   before a United States District Judge.  It is the District

13   Judge who will impose sentence in your case.  If you consent

14   and if you agree, then I will conduct the plea allocution and I

15   will then make a report to Judge Karas in which I will

16   recommend whether or not he should accept your plea of guilty.

17   I will make that recommendation based on the information that

18   is brought out during today's proceedings.  It is important for

19   you to understand that the Court will not accept your plea

20   unless the Court is satisfied that you fully understand all of

21   your rights and that you are, in fact, guilty.

22             Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Do you understand that you have an

25   absolute right to have this plea allocution conducted before a

```
 1    United States District Judge?

 2              THE DEFENDANT:  Yes, your Honor.

 3              THE COURT:  Do you agree and is it your wish that I

 4    should conduct the plea allocution?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  Mr. Lynch, would you have the defendant

 7    identify his signature on the consent form, please.

 8              THE CLERK:  Mr. Klein, I'm showing you this consent

 9    form.  Is this your signature on the consent form?

10              THE DEFENDANT:  Yes.

11              THE CLERK:  Have you read this document and discussed

12    it with your attorney?

13              THE DEFENDANT:  Yes.

14              THE CLERK:  Thank you.

15              THE COURT:  Did anyone threaten you or coerce you or

16    promise you anything in order to get you to sign this consent

17    form?

18              THE DEFENDANT:  No.

19              THE COURT:  Did you sign the form freely and

20    voluntarily?

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  Ms. Loewenberg, do you know of any reason

23    why the waiver and consent to proceed with a felony plea

24    allocution before a United States Magistrate Judge should not

25    be accepted?
```

1              MS. LOEWENBERG:  No, your Honor.

2              THE COURT:  I find that Ben Zion Klein is fully

3   competent and capable of waiving his right to appear before a

4   United States District Judge in order to enter his plea of

5   guilty.  I therefore accept the consent form, which I have

6   signed and which will remain a part of the Court's file as

7   Court Exhibit 2 for today's date.

8              Do you understand, sir, that your right to be

9   represented by an attorney continues through every stage of the

10  proceedings, including trial and appeal, and that you have this

11  right whether or not you choose to plead guilty to this

12  offense?

13             Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Have you had sufficient opportunity to

16  consult with Ms. Loewenberg about your case and especially

17  about your decision to plead guilty?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Are you satisfied with the services which

20  counsel has provided to you?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Have you told her everything you know

23  about this case?

24             THE DEFENDANT:  Yes.

25             THE COURT:  I have before me a copy of a plea

1    agreement dated January 16, 2020.  The original plea agreement

2    should be marked as Government Exhibit 1 and will remain in the

3    custody of government's counsel.

4             Mr. Lynch, would you have the defendant identify his

5    signature on the last page of the plea agreement, please.

6             THE CLERK:  Mr. Klein, I'm showing you this plea

7    agreement.  Is this your signature affixed to the plea

8    agreement?

9             THE DEFENDANT:  Yes.

10            THE CLERK:  Have you read this document and discussed

11   it with your attorney?

12            THE DEFENDANT:  Yes.

13            THE CLERK:  Thank you.

14            THE COURT:  Ms. Loewenberg, have you reviewed the

15   plea agreement, each and every part of this plea agreement with

16   your client?

17            MS. LOEWENBERG:  I have, your Honor.

18            THE COURT:  Mr. Klein, are you satisfied that you

19   understand the entire plea agreement which Ms. Loewenberg has

20   reviewed with you?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  Do you have any questions, either for

23   your attorney or for me, about what this plea agreement says?

24            THE DEFENDANT:  No.

25            THE COURT:  Does the plea agreement contain the

                    Angela O'Donnell, RPR, 914-390-4025

1    complete understanding between you and the government in

2    connection with this case?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that anything which is

5    not set forth in the written plea agreement or which is not

6    told to me at this time on the record will not be binding on

7    the outcome of your case?

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Mr. Scotten, is there anything beyond the

11   written plea agreement that the Court should be aware of?

12             MR. SCOTTEN:  No, your Honor.

13             THE COURT:  Ms. Loewenberg, is there any other

14   agreement or understanding that the Court should know about?

15             MS. LOEWENBERG:  No, your Honor.

16             THE COURT:  Mr. Klein, did you sign this plea

17   agreement freely and voluntarily?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Did anyone force you or coerce you or

20   threaten you or promise you anything other than what is set

21   forth in the written plea agreement in order to get you to sign

22   that plea agreement?

23             THE DEFENDANT:  No.

24             THE COURT:  Mr. Klein, if you were convicted of the

25   charge set forth in this superseding felony information, either

1    after trial or by plea of guilty, you would be subject to a

2    maximum term of imprisonment of five years, a maximum term of

3    supervised release of three years, a maximum fine of the

4    greatest of $250,000 or twice the gross gain or twice the gross

5    loss resulting from the offense and a $100 mandatory special

6    assessment.

7         If you are sentenced to a term of imprisonment, even

8    if you are sentenced to the maximum term of imprisonment, and

9    if you are also sentenced to a term of supervised release, if

10   you then violate the conditions of supervised release, you

11   could be sentenced to an additional term of imprisonment for

12   violating the conditions of your supervised release, which in

13   this case would be an additional term of up to two years.

14        In addition, if you violate the conditions of your

15   supervised release, you would not receive credit for any time

16   already served in prison or for time served on supervised

17   release.

18        You are also subject to the possibility of an order

19   of forfeiture or restitution, and the Court is authorized to

20   order either forfeiture or restitution or both as a part of

21   your sentence.  In fact, it is a part of your plea agreement

22   that you have agreed to admit the forfeiture allegation in the

23   amount of $412,586.37.  You have also agreed that you will make

24   restitution in the amount of $412,586.37.  And both of those

25   things can be ordered requiring you to make both of those

1    payments.

2              In addition, you could be subject to a fine, as I've

3    already described it, and each of those things would be imposed

4    separately and independently of the other.

5              Do you understand that?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  With regard to forfeiture, if you did not

8    admit the forfeiture allegation, you would be entitled to have

9    a hearing to determine whether forfeiture was appropriate, and

10   if it was appropriate, what the amount of that forfeiture would

11   be.  For purposes of such a hearing you would be entitled to

12   the assistance of counsel and to the assignment of counsel if

13   you could not afford an attorney.  By admitting to the

14   forfeiture allegation, you are giving up your right to have a

15   hearing to determine whether forfeiture is appropriate, and by

16   admitting the allegation in the specific amount of $412,586.37,

17   you are giving up your right to have a hearing to determine the

18   appropriate amount of that forfeiture.

19             Do you understand that, sir?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you understand that these are the

22   possible sentences that could be imposed following your plea of

23   guilty in this matter?

24             THE DEFENDANT:  Yes.

25             THE COURT:  I'm required to advise that if you are

```
 1   not a United States citizen or if you are a naturalized

 2   citizen, a finding that you are guilty of a felony offense may

 3   have a negative impact upon your immigration status and upon

 4   any application you may have made in the past or which you may

 5   make in the future for permission to remain in the United

 6   States or to become a United States citizen.  You also may be

 7   subject to an order of deportation as a result of this guilty

 8   plea, if you are not a United States citizen or if you are a

 9   naturalized citizen and there was some flaw in your

10   naturalization process.  And under certain circumstances

11   deportation may be mandatory.

12          Additionally, if you are deported, you may be

13   prohibited from re-entering the United States permanently

14   unless you are able to get permission to re-enter from the

15   Attorney General of the United States or from the Secretary of

16   Homeland Security.  Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have you discussed the potential

19   immigration consequences of a guilty plea with your attorney?

20          MS. LOEWENBERG:  He's a citizen, your Honor.

21          THE COURT:  All right.  Nevertheless, it is in your

22   plea agreement exactly what I just said to you, and indeed in

23   more detail, and it's important for you to understand that.  Do

24   you understand?

25          THE DEFENDANT:  Yes, your Honor.
```

1          THE COURT:  Do you also understand that you are

2    pleading guilty to a felony offense and that such an

3    adjudication may deprive you of certain valuable civil rights,

4    which may include the right to vote, the right to hold public

5    office, the right to serve on a jury, the right to possess any

6    type of firearm, including rifles and shotguns, the right to be

7    considered for certain types of employment, or to be bonded, or

8    to serve in the United States military, and the right to

9    possess or obtain certain government issued licenses, including

10   licenses that may be required in certain professions and

11   occupations.  Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Where an offense involves fraud or other

14   intentionally deceptive practices, the Court may also order you

15   to provide notice of your conviction to victims of the offense

16   at your own cost pursuant to Title 18, United States Code,

17   Section 3555.  Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you understand, Mr. Klein, that these

20   are the possible legal consequences of entering a guilty plea

21   in this case?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that the United States

24   Sentencing Commission has issued guidelines for judges to

25   follow in determining the appropriate sentence in a criminal

18

1   case?

2            Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you understand that these guidelines

5   are not mandatory but they must be considered by the Court

6   along with other factors which are listed at Title 18, United

7   States Code, Section 3553, and all of these things must be

8   considered by the Judge when he determines the appropriate

9   sentence to impose, including any determination of departures

10  from the guidelines, both upward departures and downward

11  departures?

12           Do you understand that?

13           THE DEFENDANT:  Yes, yes, your Honor.

14           THE COURT:  Have you and Ms. Loewenberg talked about

15  how the sentencing guidelines would be calculated in your case?

16           THE DEFENDANT:  Yes.

17           THE COURT:  The plea agreement in this case sets

18  forth a stipulated guidelines sentencing range of 27 to 33

19  months in prison and a stipulated fine range of 10,000 to

20  $95,000.  Do you understand that these numbers represent an

21  understanding, an agreement between you and your attorney and

22  the attorney for the government and that this calculation is

23  not binding on the District Judge when he imposes sentence?

24           Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you understand that the District Judge

2     will consider the guidelines but that he will impose a sentence

3     in accordance with the statute, which in this case means that

4     the prison term will be not more than five years?

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you understand that the Court will not

8     be able to determine the appropriate sentence in your case

9     until after a presentence report has been prepared and until

10    you and your attorney, as well as the government, have had an

11    opportunity to challenge the facts that are reported in the

12    presentence report, as well as the calculation of the

13    sentencing guideline range and any sentencing recommendation in

14    that report?

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you also understand that if there are

18    any objections to the presentence report, that those objections

19    will be ruled on by the Court, and if necessary, a hearing will

20    be held to determine what information is relevant to the

21    Court's determination of the sentence?

22         Do you understand that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Do you also understand that in accordance

25    with the plea agreement you have agreed that you will not file

1  a direct appeal or bring any collateral challenge to any
2  sentence that is within or below the stipulated guideline range
3  of 27 to 33 months in prison and that the government will not
4  appeal any sentence within or above the stipulated guidelines
5  range.  You have also agreed not to appeal any term of
6  supervised release that is less than or equal to the statutory
7  maximum, which is three years.  You have also agreed not to
8  appeal any fine that is less than or equal to $95,000, and the
9  government has agreed not to appeal any fine that is greater
10  than or equal to $10,000.
11          You have further agreed not to appeal any restitution
12  amount that is less than or equal to $412,586.37, and the
13  government has agreed not to appeal any restitution amount that
14  is greater than that same amount.
15          You have further agreed that you will not appeal any
16  forfeiture amount greater than or equal to $412,586.37, and the
17  government has agreed not appeal any forfeiture amount greater
18  than or equal to that same amount.
19          Finally, you have agreed not to appeal any special
20  assessment that is less than or equal to $100.  Do you
21  understand that?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Do you understand that one effect of the
24  plea agreement that you have given -- that you have entered
25  into is that you are giving up other rights that you might have

1    had to appeal or otherwise attack the sentence imposed by the

2    Court, except that you do retain certain rights to assert a

3    claim of ineffective assistance of counsel.  But despite

4    retaining that right, you also waive certain related rights

5    such as any claim of ineffective assistance of counsel relating

6    to counsel's effectiveness during the sentencing proceeding.

7             Do you understand that?

8             THE DEFENDANT:  Yes.

9             THE COURT:  Mr. Klein, do you understand that if you

10   disagree with the Court's sentencing decision, that will not

11   give you a basis to withdraw your plea of guilty?

12            Do you understand that?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Do you understand that parole has been

15   abolished, and if you are sentenced to a term of imprisonment,

16   you will not be eligible for early release on parole?

17            Do you understand that?

18            THE DEFENDANT:  Yes.

19            THE COURT:  Even though you would not be eligible for

20   parole, you may, if you are sentenced to a term of

21   imprisonment, be eligible to earn credit for good behavior.

22   But even if you were to succeed in earning credit for good

23   behavior, you would be required to serve at least 85 percent of

24   any prison term before you may be eligible for release.

25            Do you understand that, sir?

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand that you do not have to

3    plead guilty and you have an absolute right to plead not guilty

4    and to have the matter go to trial by judge or by jury?

5            Do you understand that?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Do you understand that if you choose to

8    plead not guilty, you are entitled to have a speedy and public

9    trial of your case?

10           Do you understand that?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand that at any trial of

13   this matter you would be entitled to the presumption of

14   innocence and that the presumption would remain with you until

15   the government proves each and every element of the crime

16   charged against you beyond a reasonable doubt to the

17   satisfaction of the judge, if it is a judge trial, or to the

18   unanimous satisfaction of the jury, if it is a jury trial?

19           Do you understand that?

20           THE DEFENDANT:  Yes.

21           THE COURT:  At such a trial, you would have the

22   right, with the assistance of your attorney, to confront and

23   cross examine the witnesses against you.  You would have the

24   right to call witnesses to testify for you and to have

25   subpoenas issued to compel witnesses to give testimony and to

1    produce evidence.  You would also have the right to testify at

2    your trial but you could not be forced to testify.  If you

3    decided not to testify, your decision to remain silent could

4    not be held against you in any way.

5           At your trial, you would also have the right I have

6    spoken of, to the assistance of an attorney, and to have an

7    attorney appointed to represent you without fee if you could

8    not afford counsel.

9           Additionally, if you were convicted of any charge at

10   a trial, you would have a right to appeal from the verdict

11   without limitation.

12          Do you understand that if you plead guilty to the

13   charge in this superseding felony information, that you would

14   give up your right to trial, and except for the right to

15   counsel, which you do retain, you would give up all of the

16   other rights which I have explained to you here?

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Mr. Klein, have you clearly heard and

20   understood everything I've said to you?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Have you understood each of the rights

23   that I have asked you about?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you have any questions, either for me

Angela O'Donnell, RPR, 914-390-4025

1    or for Ms. Loewenberg, about anything I've said or about

2    anything I've asked you?

3              THE DEFENDANT:  No.

4              THE COURT:  You may be seated briefly.

5              Mr. Scotten, what are the elements of the offense and

6    what is the government prepared to prove at trial in order to

7    establish those elements and to establish the forfeiture

8    allegation?

9              MR. SCOTTEN:  Thank you, your Honor.

10             The elements of conspiracy in violation of Title 18,

11   United States Code, Section 371 are:

12             First, that two or more persons agreed to commit an

13   offense against the United States, here, wire fraud in

14   violation of 18 United States Code, Section 1343;

15             Second, that the defendant was a member of that

16   agreement;

17             Third, that the defendant joined the conspiracy

18   knowing that its objective was to commit wire fraud and the

19   defendant joined the conspiracy intending to join together with

20   at least one other conspirator to achieve that person, that is,

21   the defendant and the co-conspirator shared a unity of purpose

22   and intent to achieve the common goal of committing fraud; and

23             Fourth, that at some point during the existence of

24   the conspiracy at least one of its members performed an overt

25   act in order to further the objective of the agreement.

                    Angela O'Donnell, RPR, 914-390-4025

1          I can, if the Court wishes, also give the elements of

2     wire fraud or not.  I've seen it done both ways, your Honor.

3     The Court's preference.

4          THE COURT:  You probably should.

5          MR. SCOTTEN:  Sure.  The elements of the underlying

6     crime to which the defendant conspired to commit, wire fraud,

7     is:

8          First, that there was a scheme or artifice to defraud

9     others of money or property by materially false or fraudulent

10    pretenses, representations or promises;

11         Second, that the defendant knowingly and willfully

12    devised or participated in the scheme or artifice to defraud

13    with knowledge of its fraudulent nature and with the specific

14    intent to defraud; and

15         Third, that in the execution of the scheme, the

16    individual, the defendant here, used or caused the use by

17    others of the either interstate or foreign wires.

18         Finally, your Honor, the government would also have

19    to prove by a preponderance of the evidence that some part of

20    the offense occurred here in the Southern District of New York.

21         If this case went to trial, your Honor, evidence,

22    including the testimony of law enforcement and regulatory

23    agency personnel, civilian and cooperating witnesses, documents

24    the defendant and his co-conspirators electronically filed with

25    a government agency, often referred to as USAC, electronic

1    mails sent by the defendant and his co-conspirators, bank

2    records and other financial documents, among other evidence,

3    would prove beyond a reasonable doubt the defendant conspired

4    with others to defraud USAC by, among other things, billing

5    USAC for providing goods and services to underprivileged

6    schools that the defendant did not provide or intend to

7    provide.

8              THE COURT:  And the forfeiture amount.

9              MR. SCOTTEN:  Your Honor, the forfeiture amount -- I

10   have to get it precisely right from the order the defendant

11   signed this morning.  The forfeiture amount of $412,586.37

12   would also be proven as the losses at least reasonably

13   foreseeable to the defendant from the particular frauds he is

14   going to admit this morning.

15             THE COURT:  Thank you.  And venue?

16             MR. SCOTTEN:  Yes, I did note that we would have to

17   prove venue by a preponderance of the evidence.  Here, your

18   Honor, the offense took place almost entirely within Rockland

19   County, although wires were sent outside of Rockland County to,

20   among other places, Washington, D.C. where the government

21   agency was located.

22             THE COURT:  Thank you.

23             Mr. Klein, stand up.

24             Did you hear and understand what the Assistant United

25   States Attorney said?

                    Angela O'Donnell, RPR, 914-390-4025

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand the elements of the

3    offense to which you are offering a guilty plea?

4              THE DEFENDANT:  Yes.

5              THE COURT:  At this time, how do you wish to plead to

6    the charge of conspiracy to violate the laws of the United

7    States?

8              THE DEFENDANT:  Guilty.

9              THE COURT:  Do you wish to admit or deny the

10   forfeiture allegation in the amount of $412,586.37?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Admit or deny?

13             THE DEFENDANT:  Admit.

14             THE COURT:  Has anyone threatened you or coerced you

15   or pressured you improperly in order to get you to plead guilty

16   to this charge and admit to this forfeiture allegation?

17             THE DEFENDANT:  No.

18             THE COURT:  Has anyone made any promises to you other

19   than what is set forth in the plea agreement in order to induce

20   you to plead guilty and to admit to this forfeiture allegation?

21             THE DEFENDANT:  No.

22             THE COURT:  Has anyone made any specific promise to

23   you about what the sentence of the Court will be?

24             THE DEFENDANT:  No.

25             THE COURT:  Mr. Klein, tell me in your own words what

```
 1    you did to commit this crime.
 2              THE DEFENDANT:  I agreed with some of the other named
 3    defendants --
 4              THE COURT:  You need to speak up because we're being
 5    recorded.
 6              THE DEFENDANT:  I agreed with some of the other named
 7    defendants in this prosecution to scan and email vouchers for
 8    reimbursement from E-rate program for certain equipment that --
 9              THE COURT:  From what program?
10              THE DEFENDANT:  E-rate, E-rate program.  E, rate.
11    For certain equipment that I did not actually supply to
12    Congregation Ateres Tzvi.
13              THE COURT:  I'm sorry, I'm having a hard time hearing
14    you, and if I can't hear you, they won't have a record of this
15    and the District Judge has to review the record.  So that's why
16    I need you to speak slowly and as loudly as can.
17              THE DEFENDANT:  Supplied to Congregation Ateres Tzvi.
18    The vouchers for reimbursement were actually emailed by me or
19    by others at my direction and it was my intent to defraud the
20    E-rate program by seeking reimbursement for supplies I know
21    they would approve but that the school did not actually need or
22    receive.
23              I understand that the E-rate program is a federally
24    funded program designed to aid underprivileged school, upgrade
25    their technology for the benefit of their students.
```

1          THE COURT:  And you were saying E-rate program;

2     correct?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And that's, as I understand it, a program

5     regulated and funded by the Federal Communications Commission;

6     is that right?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And the payment that would come would be

9     from the Universal Service Administrative Company?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And did that payment come as a result of

12     having sent these vouchers by email?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Was the total value of the scheme that

15     you've described $412,586.37?

16          MR. SCOTTEN:  Your Honor, I'd note that there's -- I

17     don't want the defendant to perjure himself.  It's probably a

18     lot bigger than that, but what he's agreed that we could prove

19     is that amount.

20          THE DEFENDANT:  Thank you.

21          THE COURT:  Is that right?

22          THE DEFENDANT:  Yes.

23          THE COURT:  And where were you when you were sending

24     and causing emails to be sent?

25          What county?

Angela O'Donnell, RPR, 914-390-4025

1           THE DEFENDANT:  Rockland County.

2           THE COURT:  Rockland County.

3           And you did say that there were others who were

4    involved in this scheme; is this right?

5           THE DEFENDANT:  Yes.

6           THE COURT:  And if I understand correctly, you said

7    that you and these others were sending invoices for equipment

8    and services that you knew would be approved for the schools

9    but that, in fact, they did not need and were not provided.

10          THE DEFENDANT:  I'm talking about myself.  For

11   myself, yes.  Other people, I don't know what they did.  I

12   don't want to talk about it.

13          THE COURT:  Well, you know that some of them were

14   involved in sending the emails; correct?

15          THE DEFENDANT:  Yes, other people send emails but I

16   don't know -- maybe they put in equipment, or didn't put in

17   equipment, I --

18          MR. SCOTTEN:  May we have a second, your Honor?

19          THE COURT:  Sure.

20          (Pause)

21          THE DEFENDANT:  I don't know what other people did

22   exactly, but other people, defendants, were involved.

23          THE COURT:  Other defendants were involved, were

24   involved in the plan to obtain money for goods and services

25   that had not actually been provided; is that right?

```
 1                THE DEFENDANT:  Yes.

 2                THE COURT:  And you and at least some of these other

 3       people were in agreement about that plan; is that right?

 4                THE DEFENDANT:  Yes.

 5                THE COURT:  Is that satisfactory, Mr. Scotten?

 6                MR. SCOTTEN:  Yes, your Honor.  Thank you.

 7                THE COURT:  Did you commit these acts knowingly and

 8       willfully?

 9                THE DEFENDANT:  Yes.

10                THE COURT:  Did you know it was against the law to do

11       what you were doing?

12                THE DEFENDANT:  Yes.

13                THE COURT:  Did this take place starting in or about

14       2008 up to and including March 2016?

15                THE DEFENDANT:  Yes.  I don't know the dates but --

16                THE COURT:  In about that time period?

17                You have to say it out loud.

18                THE DEFENDANT:  Yes.  Yes.

19                THE COURT:  Is there anything else which either

20       counsel believes the Court needs to elicit from the defendant

21       before making the recommendation contemplated by Rule 11?

22                Mr. Scotten.

23                MR. SCOTTEN:  No, your Honor.  Thank you.

24                THE COURT:  Ms. Loewenberg.

25                MS. LOEWENBERG:  No, your Honor.
```

1          THE COURT:  Ms. Loewenberg, is there any reason why

2    the Court should not recommend acceptance of your client's plea

3    of guilty?

4          MS. LOEWENBERG:  No, your Honor.

5          THE COURT:  Mr. Scotten, do you know of any reason

6    why the Court should not recommend acceptance of the plea?

7          MR. SCOTTEN:  I do not, your Honor.

8          THE COURT:  Mr. Klein, in light of everything that

9    has been said here today, including a statement of the charge

10   against you, the possible penalties you face and the rights you

11   are giving up, is it still your wish to plead guilty to the

12   charge set forth in the superseding felony information and to

13   admit to the forfeiture allegation in the amount of

14   $412,586.37?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Upon this allocution I find that the

17   defendant, Ben Zion Klein, is fully competent and capable of

18   entering an informed plea.  The plea is knowing and voluntary

19   and is supported by an independent factual basis for each and

20   every element of the crime charged.

21         Accordingly, I respectfully report and recommend to

22   Judge Karas that the plea should be accepted and that the

23   defendant should be adjudged guilty of the offense charged in

24   the felony information.

25         I further report and recommend that the defendant

                    Angela O'Donnell, RPR, 914-390-4025

1    shall be deemed to have admitted the forfeiture allegation in

2    the amount of $412,586.37.

3              I direct that a presentence investigation be

4    conducted by the United States Department of Probation.

5              Mr. Klein, after this proceeding you must go to the

6    Department of Probation on the ground floor of this building,

7    and Ms. Loewenberg must accompany you.  Either today or on some

8    other day that will be scheduled, you will be interviewed by a

9    representative of the Department of Probation.  I'm sure that

10   Ms. Loewenberg will assist you in connection with that

11   interview, and you are absolutely entitled to have her present

12   during the interview, if you wish.

13             You must be fully honest and truthful during that

14   interview, because if it comes to the Court's attention that

15   you have provided false, incomplete or misleading information,

16   that may be held against you at the time of sentencing.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Ms. Loewenberg, the interview with

20   Probation is to be scheduled to occur within the next 14 days.

21             Mr. Scotten, the prosecution case summary for

22   purposes of the presentence report is to be delivered to

23   Probation no later than 14 days from today.

24             MR. SCOTTEN:  Yes, your Honor.

25             THE COURT:  I further direct the Clerk of the Court

1    to provide a transcript of these proceedings within 30 days

2    setting forth my report and recommendation to Judge Karas.  The

3    transcript is to come to me for review.

4              Bail is continued.

5              The matter is adjourned for sentencing May 20th,

6    2020, at two o'clock before Judge Karas.

7              Counsel should contact Judge Karas' chambers prior to

8    that date to confirm the date and time of sentencing.

9              Anything further?

10             Mr. Scotten.

11             MR. SCOTTEN:  No.  Thank you, your Honor.  Have a

12   good day.

13             THE COURT:  Ms. Loewenberg.

14             MS. LOEWENBERG:  No, your Honor.  Thank you.

15             THE COURT:  Thank you.  We are adjourned.

16             (Proceedings concluded)

17   Certified to be a true and accurate

18   transcript of the digital electronic

19   recording to the best of my ability.

20   _____

21   U.S. District Court

22   Official Court Reporter

23

24

25

                 Angela O'Donnell, RPR, 914-390-4025